IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,274-01






EX PARTE LEE TOLLEFSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-05-00106-CRW 


 IN THE 218TH DISTRICT COURT FROM WILSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. The Fourth Court of Appeals affirmed his conviction. 
Tollefson v. State, No. 04-10-00286-CR (Tex. App.-San Antonio, August 31, 2011).

 Applicant made four allegations of ineffective assistance of counsel in his original pro
se habeas application. In an amended supplemental application filed by writ counsel, Applicant
alleges that his trial counsel was ineffective for: (1) failing to object to State's witness' references
to "victim", "murder", and "crime"; (2) failing to object to inadmissible testimony regarding the
deceased's (lack of) criminal history; (3) eliciting testimony that Applicant had a criminal record;
(4) eliciting testimony that after Applicant was arrested and a deputy asked him what happened, he
requested a lawyer and; (5) failing to request a jury instruction under Tex. Penal Code §9.32(b)
regarding when deadly force can be presumed reasonable. 

 On April 24, 2013, this Court remanded the application to obtain responses from counsel and
findings from the trial court regarding all eight ineffective assistance of counsel allegations. The
affidavits from counsel addressed Applicant's pro se allegations on the merits, but did not address
on the merits the claims made by writ counsel. The trial court made general findings, but did not
make the specific findings ordered by this Court in the remand order.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings as to whether: (1) counsel failed to object to State's
witness' references to "victim", "murder", and "crime" and if so, what was his reason for failing to
object; (2) counsel failed to object to inadmissible testimony regarding the deceased's (lack of)
criminal history and if so, what was his reason for failing to object; (3) counsel elicited testimony
that Applicant had a criminal record and if so, what was his reason for eliciting such testimony; (4)
counsel elicited testimony that after Applicant was arrested and a deputy asked him what happened,
he requested a lawyer and if so, what was his reason for eliciting such testimony; and (5) whether
counsel requested a jury instruction under Tex. Penal Code §9.32(b) and if not, why not. The trial
court shall make findings of fact and conclusions of law as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: August 21, 2013

Do not publish